**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LT TECH, LLC<br><br>  Plaintiff,<br><br>v.<br><br>FRONTRANGE SOLUTIONS USA INC.<br><br>  Defendant. | **Case No. 3:13-cv-1901**<br><br>JURY TRIAL DEMANDED |
| FRONTRANGE SOLUTIONS USA INC.,<br><br>  Counterclaimant,<br><br>v.<br><br>LT TECH, LLC<br><br>  Counterdefendant. | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND DEMAND FOR JURY TRIAL SUBJECT TO MOTION TO TRANSFER VENUE**

Subject to the motion to transfer venue being filed contemporaneously herewith, Defendant FrontRange Solutions USA Inc. ("Defendant" or "FrontRange"), hereby responds to the Complaint for Patent Infringement of Plaintiff LT Tech, LLC ("Plaintiff" or "LTT") as follows:

**PARTIES**

1.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2.   Admitted.

**JURISDICTION AND VENUE**

3.      Defendant admits that this action arises under the patent laws of the United States, Title 35 of the United States Code.  Defendant admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4.      In response to Paragraph 4 of the Complaint, Defendant admits that it has transacted business in the Northern District of Texas.  The remaining allegations in Paragraph 4 set forth legal arguments or nonfactual conclusions to which no response is required, and Defendant generally denies them on that basis.

5.      In response to Paragraph 5 of the Complaint, Defendant admits that it has transacted business in the Northern District of Texas. The remaining allegations in Paragraph 5 set forth legal arguments or nonfactual conclusions to which no response is required, and Defendant generally denies them on that basis.  Defendant further denies that "Baylor University (Waco, TX)" is located in the Northern District of Texas and denies that any of its activities or transactions between it and Defendant constitute infringement in this District of the U.S. Patent No. 6,177,932, including the re-examination certificate thereof ("the '932 Patent").

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,177,932

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 and therefore denies them.

7.      Admitted.

8.      Denied.

9.      Denied.

10.     In response to Paragraph 10 of the Complaint, Defendant admits to receiving a letter on or about April 2, 2013 from Matthew DelGiorno, Manager, LT Tech, LLC, stating, inter

alia, that "LT Tech has reviewed Frontrange's products and services and determined that Frontrange would benefit from a license to the '932 Patent." Defendant denies that its receipt of Mr. DelGiorno's letter put it on notice of anything other than Plaintiff's inquiry as to whether Defendant "is willing to engage in licensing discussions." Defendant denies that it had at any time the specific intent to induce infringement by others or knowledge that its acts contributed to the infringement of others. Except to the extent expressly admitted herein, Defendant denies any and all other allegations of Paragraph 10.

11. In response to Paragraph 11 of the Complaint, Defendant admits that certain pages on FrontRange's website identify certain users of Defendant's products. Except to the extent expressly admitted herein, Defendant denies any and all other allegations of Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies them.

13. Denied.

14. Denied.

15. Denied.

The remainder of the Complaint constitutes Plaintiff's prayer for relief, to which no response is required. Defendant denies that Plaintiff is entitled to any relief.

**<u>AFFIRMATIVE DEFENSES</u>**

Defendant asserts the following affirmative defenses to Plaintiff's Complaint. Defendant alleges that it cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses based on information subsequently acquired through discovery and investigation or

amendment of the complaint or otherwise, if and to the extent such affirmative defenses are applicable.

### FIRST AFFIRMATIVE DEFENSE

Defendant does not infringe, and has not infringed, any valid or enforceable claim of the '932 Patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '932 Patent are invalid for failing to comply with one or more of the statutory and decisional requirements and/or conditions for patentability of 35 U.S.C. § 101, *et seq.*, including §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's enforcement of one or more claims of the '932 Patent is barred, in whole or in part, by the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Under the doctrine of prosecution history estoppel, Plaintiff is estopped from asserting that the claims of the '932 Patent can be construed as covering any activity of Defendant due to the limiting nature of statements, representations and amendments made during the prosecution of the '932 Original Patent and the '932 Patent's re-examination certificate.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of intervening rights set forth in 35 U.S.C. §§ 252 and 307(b).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are barred by the doctrine of waiver and acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are barred by the doctrines of laches and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to mitigate its damages.  In the alternative, Plaintiff's recovery, if any, must be reduced by those damages that Plaintiff failed to mitigate, by virtue of its own acts or omissions and/or acts or omissions of others chargeable to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's request for relief is limited by 35 U.S.C. § 286.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant hereby raises, asserts and preserves its defense of improper venue.  Plaintiff's claims are barred in whole or in part because they have been filed in an improper forum or an inconvenient forum, *forum non conveniens.*

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff FrontRange Solutions USA Inc. ("FrontRange" or "Counterclaim Plaintiff") alleges the following counterclaims LT Tech, LLC ("LTT" or "Counterclaim Defendant") as follows:

## FACTS

1.  LTT alleges in its affirmative claims in this action that it is the owner of United States Patent No. 6,177,932 (the "'932 Patent").

2.  LTT has alleged in this action that FrontRange has infringed and continues to infringe one or more claims of the '932 Patent.

3. Due to these allegations of patent infringement and FrontRange's Defenses, an actual and justiciable controversy exists between LTT and FrontRange.

**COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

4. FrontRange realleges and incorporates by reference paragraphs 1 through 3 above and its Defenses.

5. FrontRange does not infringe and has not infringed, either directly, jointly, contributorily, by inducement, or under the doctrine of equivalents, any claims of the '932 Patent by any of its activities related to the products identified in LTT's Complaint.

**COUNTERCLAIM II - DECLARATORY JUDGMENT OF INVALIDITY OF THE '932 PATENT**

6. FrontRange realleges and incorporates by reference paragraphs 1 through 5 above and its Defenses.

7. The '932 Patent is invalid because it fails to comply with the requirements of 35 U.S.C. §101 et seq., including without limitation, sections 101, 102, 103, and 112.

**PRAYER FOR RELIEF**

WHEREFORE, FrontRange prays for relief against LTT as follows:

a) A declaration that the claims of the '932 Patent are invalid;

b) A declaration that FrontRange does not infringe, under any theory, any valid claim of the '932 Patent;

c) A declaration that FrontRange is not liable in any way for the relief sought in the Complaint, denying Plaintiff all such relief, and dismissing the Complaint with prejudice;

    d)       Judgment in favor of FrontRange and against LTT;

    e)       That FrontRange recover its costs and attorney's fees;

    f)       That this case be deemed exceptional pursuant to 35 U.S.C. §285 and, as a consequence, that FrontRange be awarded its reasonable attorneys' fees; and

    g)       For such other and further relief as the court may deem just and proper.

## JURY DEMAND

FrontRange demands a trial by jury, including pursuant to Fed. R. Civ. Proc. 38(b).

Dated:  July 23, 2013                            Respectfully submitted,

                                                          /s/ *William G. Shaw, Jr.*
                                                          WILLIAM G. SHAW, JR.
                                                          LAW OFFICE OF WILLIAM G. SHAW, JR.
                                                          1118 W. HARRIS RD., SUITE 101
                                                          ARLINGTON, TEXAS 76001
                                                          (214) 695-2074
                                                          (8170 676-9138 FACSIMILE
                                                          wshaw@iplawtexas.com

**Of Counsel:**

Aaron Craig
Fox Rothschild LLP
1055 Seventh St., Suite 1880
Los Angeles, CA 90017
(310) 228-2168
ACraig@foxrothschild.com
PRO HAC ADMISSION

Jeff E. Schwartz
Fox Rothschild LLP
1030 15th Street, NW
Suite 380 East
Washington, DC  20005
Tel: 202.696.1470
JESchwartz@foxrothschild.com
PRO HAC ADMISSION

Alan M. Sack
Fox Rothschild LLP
100 Park Avenue, 15th Floor
New York, NY 10017
212.905.2310 Direct
516.510.3061 Cell
212.692.0940 Fax
AMSack@foxrothschild.com
PRO HAC ADMISSION

## CERTIFICATE OF SERVICE

    I, William G. Shaw, Jr., hereby certify that on July 23, 2013, I am electronically filing the foregoing Defendants' Answer, Affirmative Defenses, Counterclaim and Demand for Jury subject to Motion to Transfer Venue on behalf of FrontRange Solutions USA, Inc. using the Court's CM/ECF system, which will send notification to the persons at the addresses below:

| | |
|---|---|
| Hao Ni<br>Ni, Wang & Associates, PLLC<br>8140 Walnut Hill Ln. Ste 310<br>Dallas, TX 75231<br>Email: hni@nilawfirm.com | ☐ Via Hand-Delivery<br>☐ Via EDIS<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail<br>☒ Via Electronic Docket<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| Matthew DelGiorno.<br>DelGiorno IP Law, PLLC<br>300 S. Watters Road, Suite 1028<br>Allen, TX 75013<br>Email: matt@delgiornolaw.com | ☐ Via Hand-Delivery<br>☐ Via EDIS<br>☐ Via U.S. Mail<br>☐ Via Overnight Mail<br>☒ Via Electronic Docket<br>☐ Via Facsimile<br>☐ Via Electronic Mail |

    /s/   William G. Shaw, Jr.
    WILLIAM G. SHAW, JR.

    *Attorney for FrontRange Solutions USA, Inc.*